# ORC Ann. 1705.25

Current through Legislation passed by the 130th General Assembly and filed with the Secretary of State through File 140 (SB 143)

*Page's Ohio Revised Code Annotated* > *Title 17: Corporations — Partnerships* > *Corporations* > *Chapter 1705: Limited Liability Companies*

## § 1705.25 Authority of members when management reserved to members; authority of managers in other cases.

(A) If the management of a limited liability company is reserved to its members, all of the following apply:

(1) Every member is an agent of the company for the purpose of its business, and the act of every member, including the execution in the company name of any instrument for apparently carrying on in the usual way the business of the company binds the company, unless the member so acting has in fact no authority to act for the company in the particular matter, and the person with whom he is dealing has knowledge of the fact that he does not have that authority.

(2) Unless the act is authorized by the other members, an act of a member that is not apparently for the carrying on the business of a limited liability company in the usual way does not bind the company.

(3) Unless authorized by the other members or unless the other members have abandoned the business, one or more but less than all of the members of a limited liability company have no authority to do any of the following:

(a) Assign the property of the company in trust for creditors or on the assignee's promise to pay the debts of the company;

(b) Dispose of the good will of the business of the company;

(c) Do any other act that would make it impossible to carry on the ordinary business of the company;

(d) Confess a judgment;

(e) Submit a claim or liability of the company to arbitration or reference.

(B) Except as provided in the operating agreement, if the management of a limited liability company is not reserved to its members, all of the following apply:

(1) Every manager is an agent of the company for the purpose of its business, and the act of every manager, including the execution in the company name of any instrument for apparently carrying on in the usual way the business of the company binds the company, unless the manager so acting has in fact no authority to act for the company in the particular matter, and the person with whom he is dealing has knowledge of the fact that he does not have that authority.

(2) Unless it is authorized by the members, an act of a manager that is not apparently for the carrying on the business of a limited liability company in the usual way does not bind the company.

(3) Unless authorized by the members or unless the limited liability company has dissolved, managers of the company have no authority to engage in any of the conduct listed in divisions (A)(3)(a) to (e) of this section.

(C) Except as otherwise provided in the operating agreement, a person who is both a manager and a member of a limited liability company has the rights and powers of a manager, is subject to the restrictions and liabilities of a manager, and, to the extent of his membership interest, has the rights and powers of a member and is subject to the restrictions and liabilities of a member.

## History

*145 v S 74*. Eff 7-1-94.

Harold R Berk

ORC Ann. 1705.25

**Annotations**

## Case Notes

The operating agreement clearly contemplated that the manager could be removed and replaced via a simple majority vote: *Stark v. Fuchs, 145 Ohio App. 3d 699, 764 N.E.2d 446, 2001 Ohio App. LEXIS 3487 (Ohio Ct. App., Cuyahoga County 2001)*.

There was no express finding that appellant breached any fiduciary duty, but the trial court found that appellant's management fee was unauthorized, given that appellee testified appellant agreed to oversee the store's operation in return for a half interest in the business only, and as appellant was enriched due to acts antithetical to the statute, the trial court properly ordered the return of the money derived from the breach. *Germano v. Beaujean, 2013-Ohio-3846, 997 N.E.2d 1238, 2013 Ohio App. LEXIS 4022 (Ohio Ct. App., Wood County 2013)*.

## Research References & Practice Aids

**Practice Manuals & Treatises**

Ohio Transaction Guide: Business & Commercial Law & Forms § 30.50 Management By Members

Ohio Transaction Guide: Business & Commercial Law & Forms § 30.51 Management Not Reserved to Members

**Practice Forms**

Couse's Ohio Form Book § 3.12 Management

Page's Ohio Revised Code Annotated
Copyright © 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group.
All rights reserved. All rights reserved.